105 F.3d 666
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
OGDEN ENTERTAINMENT SERVICES, INC., Petitioner/Cross-Respondent,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent/Cross-Petitioner.
 Nos. 95-70777, 95-70867.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 8, 1997.
Decided Jan. 13, 1997.
 
 On Application for Enforcement of an Order of the National Labor Relations Board, No. 19-CA-24007.
 NLRB,
 AFFIRMED.
 Before: WRIGHT, CANBY and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ogden Entertainment Services, Inc. petitions for review of the National Labor Relations Board's order to recognize and bargain with Local 6 of the AFL-CIO as the exclusive representative of Ogden's employees who work in the Batter's Box, a store in the Seattle Kingdome. The order is based on the Board's prior finding that Batter's Box employees constitute an accretion to the existing bargaining unit of Kingdome vendors employed by Ogden. The Board cross-petitions for enforcement of its order.
 
 
 3
 We review a Board decision on accretion of employees to an existing bargaining unit for abuse of the Board's "extremely broad" discretion. International Ass'n of Machinists v. NLRB, 759 F.2d 1477, 1479 (9th Cir.1985). Unless clearly arbitrary or capricious, the Board's legal conclusion as to whether the unit is appropriate is credited on appeal because this is an area where special expertise is needed. Pacific Southwest Airlines v. NLRB, 587 F.2d 1032, 1037 (9th Cir.1978).
 
 
 4
 We review the Board's factual findings to determine if substantial evidence in the record as a whole supports them. NLRB v. Bakers of Paris, Inc., 929 F.2d 1427, 1433 (9th Cir.1991). "Evidence is substantial when reasonable minds might accept it as adequate to support a conclusion, even if reasonable minds might also draw a second, inconsistent conclusion from the same evidence." Id. at 1441. "Unit determinations are peculiarly dependent on slight variations of fact: thus, rigid rules are impossible to administer." Pacific Southwest Airlines, 587 F.2d at 1038.
 
 
 5
 In accretion determinations, the Board must balance two competing policy considerations: stability of labor relations and employees' freedom to choose their own bargaining agents. Machinists, 759 F.2d at 1480. Employee freedom, however, must be paramount. Id. The factors the Board considers include:
 
 
 6
 functional integration of the business, centralized control of management, similarity of working conditions, collective bargaining history, local power to hire and fire, degree of employee interchange between the groups, ... geographical distance, ... similarity of job classifications, skills, functions, and products, ... and centralization of supervision, particularly in regard to labor relations, hiring, discipline, and control of day-to-day operations.
 
 
 7
 Machinists, 759 F.2d at 1479-80 (citations omitted). A group with some unique job functions does not necessarily have a sufficiently distinct community of interest to permit it to be excluded from another employee group. See, e.g., Sears, Roebuck and Co., 319 N.L.R.B. 607 (1995) (Maintenance agreement sales employees could not be excluded from unit of service technicians, technician helpers, installers, support specialists, and truck mechanics).
 
 
 8
 The Regional Director held a representation hearing and concluded there were significant disparities between unit employees and those Local 6 sought to accrete. By contrast, he found strong parallels and community of interest factors between Gift Shop[1] and Batter's Box employees. He concluded that the Batter's Box and Gift Shop employees had a separate identity that precluded accretion.
 
 
 9
 The Board reversed as to Batter's Box employees. The Board acknowledged differences between unit and Batter's Box employees, but emphasized evidence of their common supervision by an on-site manager and of their fundamental community of interest based on making retail sales of similar products to the same customer base at the same time and in close proximity to each other. The Board concluded that the salary structure and compensation level disparities of the two groups result from lack of union representation of Batter's Box employees rather than any differences in function or skill because the unrepresented Batter's Box employees have a lower level of compensation despite the claim that they are more highly skilled.
 
 
 10
 We conclude that the Board's decision that Batter's Box employees share an overwhelming community of interest with Local 6 employees is supported by substantial evidence and established precedent. Accordingly, we affirm and grant the Board's cross-petition for enforcement of its order and deny Ogden's petition for review.[2]
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Local 6 also sought accretion of Ogden's employees in the Kingdome Gift Shop. It does not appeal, however, the Board's exclusion of Gift Shop employees based upon their historical exclusion from the unit
 
 
 [2]
 We decline to consider Ogden's request to clarify the scope of the enforcement order because the issue was not raised before the Board and is precluded under 29 U.S.C. § 160(e)